CASE 28—PETITION ORDINARY—OCTOBER 28.

# Adams Express Company v. Crenshaw.

APPEAL FROM WOODFORD COURT OF COMMON PLEAS.

1. An action against a common carrier, whether a corporation or not, upon a contract to carry property, must be brought in the county in which the defendant, or either of several defendants, resides, or in which the contract is made, or in which the carrier agrees to deliver the property.
2. The contract in this case was made with appellant in the county of Woodford.
3. In an action brought pursuant to section 73 against a common carrier, the summons may be served where the action is brought upon the defendant's chief officer or agent who resides therein.

BRECKINRIDGE & SHELBY FOR APPELLANT.
1. The court erred in refusing to quash the summons and return and dismiss the action on the ground that the defendant was not a corporation, but an ordinary partnership.
2. The court erred in refusing to direct the jury to find for the defendant on its motion.
3. There must, in every action *in personam*, be a person as defendant. A partnership is not a person.

Adams Express Company v. Crenshaw.

D. L. THORNTON FOR APPELLEE.

1. The court properly refused to quash the summons and service upon the agent of appellant in Woodford county. The contract to carry the property was made in that county.

2. Whether appellant is a corporation or not, it is a common carrier, and the contract having been made in Woodford county, the suit was properly brought there. (Civil Code, section 73.)

3. The summons was properly served upon appellant's agent in Woodford. (Subsection 4, sec. 51, Ibid.)

JUDGE HARGIS DELIVERED THE OPINION OF THE COURT.

Waiving the effect of pleading to the merits by appellant after its motion to quash was overruled, we find that, by section 73 of the Civil Code, "an action against a common carrier, whether a corporation or not, upon a contract to carry property, must be brought in the county in which the defendant, or either of several defendants, resides, or in which .. . . . . . the contract is made."

The contract to carry the diamond stud for appellee was made with the appellant in the county of Woodford, and the action brought therein. And subsection 4, section 51, Civil Code, provides, that "in an action brought pursuant to section 73 against a common carrier, the summons may be served . . . . . . in the county wherein the action is brought upon the defendant's chief officer or agent who resides therein."

The summons was served on the defendant's agent, who was residing at the time in Woodford county, therefore the court below did not err in refusing to quash the service of the process on appellant, as it is admitted that it is a common carrier, and whether it is a corporation or partnership is immaterial.

Wherefore, the judgment is affirmed.