## Henry Fisher Packing Co. v. Mattox et ux.

(Decided Jan. 24, 1936.)

CHAS. W. MORRIS and FRANK A. GARLOVE for appellant.

JAY W. HARLAN for appellees.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—Affirming.

Appellant, a corporation having its actual and statutory place of business in Jefferson county, Ky., filed a petition in the circuit court of that county charging that appellees, Mattox and wife, residents of Mississippi, had, in Boyle county, Ky., operated an automobile owned by them in such a negligent and careless manner as to cause it to collide with its truck, resulting in such injury as required considerable repairs, for which injury monetary damage was sought to be recovered.

Process was had upon appellees in accordance with section 12-2, Ky. Stat. Supp. 1933, which provides for effectual service on nonresidents by execution of the process on the secretary of state, in the manner set out. As to the process and service thereof, no complaint is made, nor is there contention as to the validity of the statute, except in so far as is hereinafter discussed. Both parties concede that the constitutionality of the act generally has been determined by this court in Hirsch v. Warren, 253 Ky. 62, 68 S. W. (2d) 767, Mann v. Humphrey's Adm'x, 257 Ky. 647, 79 S. W. (2d) 17, 96 A. L. R. 584, and Hoagland v. Dolan, 259 Ky. 1, 81 S. W. (2d) 869, 872.

It is argued that discrimination arises by reason of the fact that section 74 of the Civil Code of Practice provides that an action, for injury to the property (or person) must be brought in the county where the defendant resides, or in the county in which the alleged

injury occurred, while section 2 of the statute, supra, providing for substituted service requires the action to be brought in the county in which plaintiff resides, or in the county wherein the alleged injury occurred.

Thus it will be noted if damages are sought for an injury to the person or property of one, and the injury is occasioned by the negligent act of a resident of this state, the venue is in the county of residence of the defendant, or in the county where the accident occurred, while if the same sort of injury be due to the negligence of a non-resident, the defendant must answer in the court of the residence of the plaintiff, or in the county where the injury occurred. Special demurrer questioning the jurisdiction of the court was filed and sustained by the court. An appeal was taken from an order dismissing the petition. Challenge to the venue, where and when justified by the state of the pleadings may be by special demurrer. Pinnacle Motor Co. v. Simpson, 216 Ky. 184, 287 S. W. 566. The court based its action on the case of Power Mfg. Co. v. Saunders, 274 U. S. 490, 47 S. Ct. 678, 679, 71 L. Ed. 1165.

Counsel for appellant admitting that the language of the opinion, supra, "offers philosophical support" for the conclusion reached by the lower court, asserts that there is a distinction because in the Supreme Court case the defendant was a nonresident corporation permissively doing business in the state in which it was sued. It is also intimated that the reasoning adopted in our own cases mentioned above practically determined the question at issue in the instant case.

As to the second proposition, it is apparent the question presented here was not before the court in any one of the cases cited, supra. The same situation did not exist in any one of those cases, nor can it be said that any language used by the court is broad or far reaching enough to conclude or be of influence on the question here. In the Dolan Case, supra, the question was as to whether a nonresident could, under our statute, sue a nonresident for injury inflicted in this state, and holding that the statute was a valid exercise of police power of the state, one for facilitating the enforcement of civil remedies, indicated such could be done, but there should be no discrimination. We said there:

"The supporting principle of such protective statutes is that states, being under no constitutional mandate requiring them to provide highways for general public use, may * * * impose reasonable and uniform regulations for their use, and where such legislation extends no further than putting nonresidents on the same general footing as the states' own citizens * * * it does not violate the due process provision of the Constitution." (Citing cases.)

If the law with relation to the use of highways should be uniform when dealing with residents and nonresidents, it should be uniform when redress is sought for injury occurring on the roads. The procedure provided should not result in disadvantage or advantage against or in favor of either one or the other; if it does so, the law is discriminatory and constitutes a lack of equal protection.

In the Power Case, supra, the facts were that Saunders, a citizen of Ohio, was employed in Arkansas by the defendant, a corporation of the state of Ohio, engaged in business in Arkansas. Saunders received his injury in Stuttgart, Arkansas county, named by the corporation as its chief place of business in Arkansas. Plaintiff brought his suit in Saline county and obtained a judgment. Under the Arkansas statutes, actions of the character in question, if against a domestic corporation, were required to be brought in the county where the corporation has its place of business, or in which its chief officer resides, and if against a natural person, in a county where he resides, or may be found. Another statute permits suits against foreign corporations and persons residing outside of the state to be brought in any county in which they have property, or debts owing to them.

In the case, supra, motion was made to dismiss on the ground that the statute was invalid in so far as it permitted a foreign corporation to be sued in a county where it does no business and has no office, officer, or agent; because to apply such statute would work an unreasonable and arbitrary discrimination and conflict with the equal protection clause of the Fourteenth Amendment to the Constitution of the United States. The court, in passing on the question presented, said:

"We think it very plain that the statutes discriminate against foreign corporations, and in favor of domestic corporations and individuals, and that the discrimination is not theoretical merely, but real and substantial.

"The clause in the Fourteenth Amendment forbidding a state to deny to any person within its jurisdiction the equal protection of the laws is a pledge of the protection of equal laws (Truax v. Corrigan, 257 U. S. 312, 333, 42 S. Ct. 124, 66 L. Ed. 254, 27 A. L. R. 375; Atchison, Topeka & Santa Fe Ry. Co. v. Vosburg, 238 U. S. 56, 59, 35 S. Ct. 675, 59 L. Ed. 1199, L. R. A. 1915E, 953), and extends as well to corporate as as to natural persons (Smith v. Ames, 169 U. S. 466, 522, 18 S. Ct. 418, 42 L. Ed. 819; Gulf, Colorado & Santa Fe Ry. Co. v. Ellis, 165 U. S. 150, 154, 17 S. Ct. 255, 41 L. Ed. 666; Santa Clara County v. Southern Pacific R. Co., 118 U. S. 394, 396, 6 S. Ct. 1132, 30 L. Ed. 118). It does not prevent a state from adjusting its legislation to differences in situation or forbid classification in that connection, but it does require that the classification be not arbitrary, but based on a real and substantial difference, having a reasonable relation to the subject of the particular legislation. Truax v. Corrigan, supra, 257 U. S. 312, 337, 42 S. Ct. 124, 66 L. Ed. 254, 27 A. L. R. 375; Gulf, Colorado & Santa Fe Ry. Co. v. Ellis, supra, 165 U. S. 150, 155, 17 S. Ct. 255, 41 L. Ed. 666; Lindsley v. Natural Carbonic Gas Co., 220 U. S. 61, 78, 31 S. Ct. 337, 55 L. Ed. 369, Ann. Cas. 1912C, 160; Ft. Smith Light & Traction Co. v. Board of Improvement, 274 U. S. 387, 47 S. Ct. 595, 71 L. Ed. 1112.

"No doubt there are subjects as to which corporations admissibly may be classified separately from individuals and accorded different treatment, and also subjects as to which foreign corporations may be classified separately from both individuals and domestic corporations and dealt with differently. But there are other subjects, as to which such a course is not admissible; the distinguishing principle being that classification must rest on differences pertinent to the subject in respect of which the classification is made.

"Here the separate classification of foreign corporations is in respect of the venue, or place of bringing transitory actions. The statutes mean foreign corporations doing business within the state by her permission, and therefore having a fixed place of business therein and a resident agent on whom process may be served. * * * So far as their situation has any pertinence to the venue of transitory actions, it is not distinguishable from that of domestic corporations and individuals. * * * Of course the restricted venue as to domestic corporations and individuals is prompted by considerations of convenience and economy; but these considerations have equal application to foreign corporations. So far as the plaintiffs in such actions are affected, it is apparent that there is no more reason for a statewide venue when the action is against a foreign corporation than when it is against a domestic corporation or a natural person. So we conclude that the special classification and discriminatory treatment of foreign corporations are without reasonable basis and essentially arbitrary.

"The state court puts its decision on the ground that venue is a question of procedure which the state may determine; and counsel for plaintiff advance the further ground that the defendant impliedly assented to the venue provisions by seeking and obtaining permission to do business within the state, the provisions being then on the statute book. But neither ground can be sustained.

"It of course rests with the state to prescribe the venue of actions brought in her courts. But the exercise of this power, as of all others, must be in keeping with the limitations which the Constitution of the United States places on state action. Procedural statutes are not excepted, but must fall like others when in conflict with those limitations. * * * And on turning to state decisions we find direct rulings that venue provisions must conform to the equal protection clause and are invalid where they discriminate arbitrarily against either individuals or corporations. Grocers' Fruit Growing Union v. Kern County Land Co., 150 Cal.

"466, 474, 475, 89 P. 120; McClung v. Pulitzer Publishing Co., 279 Mo. 370, 214 S. W. 193."

We are of the opinion that the reasoning of the court in reaching the conclusion expressed is applicable here, particularly so when that case and cases cited therein emphasize the principle that the Fourteenth Amendment, forbidding a state to deny any person within its jurisdiction the equal protection of the law, is a pledge of equal protection.

Accepting the above case as authority for our determination, we must hold that so much of the statute as permits the plaintiff to elect to institute action in the county of his or its residence, the injury not occurring therein, is invalid.

Judgment affirmed. The whole court sitting.