# Kenneay v. Lee.

(Decided Feb. 8, 1938.)

DAVIS, BOEHL, VISER & MARCUS and MYERS & HOWARD for appellant.

R. C. NORTHCUTT for appellee.

OPINION OF THE COURT BY JUDGE BAIRD—Reversing.

R. P. Kennedy complains of a judgment rendered against him in the Kenton circuit court in favor of Carl Lee for the sum of $2,500, for damages to Lee growing out of an automobile collision on the public highway by a car operated by Kennedy with one in which Lee was riding that was operated by John Lee, his uncle. The action was tried in the Kenton circuit court and a verdict rendered on May 23, 1936. A judgment was rendered upon said verdict for $2,500 with interest from the date rendered.

Kennedy appeals, relying upon the following four grounds for reversal:

"(1) The Kenton Circuit Court had no jurisdiction of this cause of action against the appellant, and the lower court erred in failing to sustain the motion of appellant to quash the return on the service of summons issued against him out of said court.

"(2) The lower court. erred in refusing to give Instruction Y offered by the appellant upon the trial.

"(3) The lower court erred in giving Instructions 3 and 4 upon the trial.

"(4) The damages awarded to the appellee were so excessive that they appear to have been given under the influence of passion or prejudice."

The facts in the case present an unusual situation. Kennedy was at the time of the accident a nonresident. He resided at Cuthbert, Ga. John Lee, the uncle of appellee, in whose automobile appellee was riding as a guest at the time of the accident, was also a nonresident and resided at Florence, Ind. Appellee was a resident of Kentucky, residing in Covington, Kenton county. The injury complained of occurred in Allen county, Ky. The action was instituted by Carl Lee against R. P. Kennedy and John Lee, both nonresidents, charging that the injury received by him in the collision was the result of their joint negligence. The action was instituted in Kenton county, the home and residence of Carl Lee. He brought the defendant before the court under and by virtue of the provisions of sections 12-1 to 12-6, Kentucky Statutes, authorizing the service of process on the Secretary of State of Kentucky as the agent of each nonresident defendant, and, further, because the law authorized a trial in the county of the residence of the plaintiff. Kennedy filed his motion to quash the service of summons so far as he was concerned because, as he claimed, he could not be summoned to appear to answer an action brought in Kenton county when the collision occurred in Allen county. The court overruled his motion and forced him into trial in Kenton county. If that judgment in overruling his motion be error, then there is no further reason to consider other alleged errors.

In the case of Fischer Packing Company v. Mattox, 262 Ky. 318, 90 S. W. (2d) 70, in a well and carefully considered case, this court declared that so much of sections 12-1 to 12-6 of the Statutes as permits the plaintiff to elect to institute an action in the county of his residence, the injury occurring in another county, is invalid and unconstitutional. Therefore, we are confronted with an effort on the part of appellee to make valid a

judgment obtained in a county which had no jurisdiction of the person or subject in controversy, unless the jurisdiction of the court was waived by the failure to reach the question in the proper manner.

It is insisted that to present the question of venue to the court, it must be done by special demurrer, if the lack of jurisdiction appears from the petition; or if it does not so appear, it must be presented by a pleading as provided by section 118, Civil Code of Practice, which provides that a failure to do so is a waiver of all objections, except that to the jurisdiction of the court of the subject of the action.

. The procedure in the instant case was by motion to quash the service of summons. The question at once arises, this action having been brought in Kenton county, and there being no authority for it, Has Kennedy waived any right by making only a motion to quash?

Section 74, Civil Code of Practice, provides that an "action for an injury to the person or property of the plaintiff, * * * must be brought in the county in which the defendant resides, or in which the injury is done." It, therefore, follows that the present action could only be instituted in Allen county, where the accident occurred, appellant being a nonresident. Had the action been instituted in Allen county, Kennedy could have been brought before the court, he being a nonresident, only as provided by sections 12-1 to 12-6 of the Statutes. Suppose appellant had resided in Allen county, the place of the injury, and the action had been brought in Kenton county and process issued there, and directed to the sheriff of Kenton county, and served on Kennedy, either in Allen or any other county in the state? It would have been a proper proceeding, in order to raise the question of jurisdiction, for Kennedy to have entered a motion to quash the service of summons without entering his appearance. It must be borne in mind that an action of this character is not transitory, but is localized by the statute. In the instant case, Kennedy being a nonresident of Allen county, the place of the accident, the action could only have been instituted in Allen county. Had he been served with a summons in Allen county, the place where the accident occurred, the court would have had jurisdiction, but had he been served in Kenton county or any other county in the state, he being a nonresident, the jurisdiction would still

have been in Allen county. To raise the question of jurisdiction on his part, the proper proceeding would have been to move that the service of the summons be quashed. His being served with summons in the manner provided by law as a nonresident would not change the result.

In the case of Caywood v. Williams, 218 Ky. 282, 291 S. W. 377, this court, in substance, said, where the process on its face showed that it was served out of the county and failed to show a special cause for such service, it was proper to reach the question by a motion to quash the service of the process. If this action was transitory, the rule would be that any county where service might be had would give jurisdiction. In the instant case, the venue is localized. This nonresident statute is only a process statute. Now, as that part of the statute, that undertook to give jurisdiction, in a case like this, in the county of the residence of the injured party, has been declared unconstitutional and void, would it not follow that a process issued by the clerk of the court of the plaintiff's residence, when served on the Secretary of State, be defective and invalid as to appellant, who objected? The process of summons and the service of same would necessarily be irregular and defective. The lack of jurisdiction arises because the law fixes the place for the trial of an action of this character in another county than the one where the action is brought. The summons on its face shows that it was issued by the clerk of the court that had no jurisdiction. The service and return is to the effect that the summons and copy of the petition were mailed as the law directs, to the defendant, so a motion to quash would be, as we think, the proper and correct procedure. As that part of the law that authorized a suit brought in the county of plaintiff's residence is void, then the proper way, or at least a legal way, was to reach the question by a motion to quash the service of the summons.

In the case of Hirsch v. Warren, 253 Ky. 62, 68 S. W. (2d) 767, the question of the constitutionality of the law providing for a substitute service on a nonresident motorist contravened the due process clause of the Fourteenth Amendment of the Federal Constitution. This question was tested on a motion to quash the service of summons.

While the action in the Hirsch v. Warren Case, supra, was not filed in the county of the plaintiff's residence and the validity of that part of the statute that was declared invalid in the Fischer Packing Company v. Mattox Case, supra, was not in that case brought before the court, still the constitutionality of the law was the question involved. If the question was reached in that case by a motion to quash, we are unable to see why the question of jurisdiction and venue cannot be reached in the same way in the instant case.

We deem it unnecessary to say more. We have reached the conclusion that it was error to overrule appellant's motion to quash the service of summons that the court was without jurisdiction to try the case.

Wherefore, the judgment is reversed with directions for further proceedings consistent with this opinion.