## Turner v. Manos et al.

Oct. 2, 1942.

Oscar W. Black and Hiram H. Owens for appellant.

H. C. Gillis for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

Appellant and plaintiff below, Jake Turner, sought by this action—filed in the Knox circuit court—to re-

cover of defendants a judgment for $314 as damages to his automobile in a collision with a truck belonging to defendants. It occurred on a state highway in Laurel County, Kentucky. All of the defendants reside in Greenville, South Carolina, and they were attempted to be brought before the court under the provisions of Sections 12-1 to and including Section 12-6 of Baldwin's 1936 Revision of Carroll's Kentucky Statutes. Defendants moved to quash the process issued by the clerk of the Knox circuit court and to quash the return made thereon. The court sustained that motion and—following plaintiff's announcement that he would take no further steps to maintain the venue of the Knox circuit court and try the case on its merits—dismissed the action, to reverse which plaintiff has filed transcript of the record in this court with a motion for an appeal.

It is strenuously argued by counsel for defendants and appellees that the statute supra providing for proper service against non-residents was not followed, although the Secretary of State upon whom service was had literally complied with the statute in the performance of his outlined duties, and the only irregularities complained of were those committed by others than that officer. Under the view we take of the case it becomes unnecessary to determine the issue thus raised, since if we should conclude that the process statute referred to had been substantially complied with the judgment appealed from was proper; provided the record on its face disclosed the fact that the Knox circuit court was not the proper venue of such an action.

Section 12-2 of the statutes prescribes that the "action [against non-residents who are not served in person] may be filed either in the county where the loss or damage may have occurred, or in the county where the plaintiff or one of the plaintiffs may reside." In the case of Fisher Packing Company v. Mattox, 262 Ky. 318, 90 S. W. (2d) 70, we held that the provision in the statute giving the county of plaintiff's residence venue jurisdiction of the action was unconstitutional for reasons stated in that opinion, and which left in the statute the county "where the loss or damage occurred" as the only one having venue jurisdiction of a constructively served non-resident defendant under the terms of the act. The record in this case shows conclusively that

plaintiff resides in Knox county, while the accident or collision of which he complains occurred in Laurel county, which is the only county, since our opinion in the Packing Company case supra, having or possessing proper jurisdiction of this character of action against non-resident defendants. It is thereby shown that the Knox circuit court, being the county wherein plaintiff resides, possessed no venue jurisdiction to entertain and try the case, and all of which was made to appear upon the face of the record.

The case of Kennedy v. Lee, 272 Ky. 237, 113 S. W. (2d) 1125, 1126, is one wherein the facts with reference to the service of process in such cases were identical with those in the instant record. The action therein was brought in the county wherein plaintiff resided, which was a different one from that in which the damage sought to be recovered was inflicted. In such circumstances we held that, since the action was not transitory under the statute, and since the record disclosed that it was brought in a court having no venue thereof, the court on a motion by defendants to quash the process could determine whether the action was brought in the proper venue, and if not, under the facts disclosed by the record, to then dismiss it upon the ground that the court had no venue jurisdiction to try the action, and that "The summons on its face shows that it was issued by the clerk of the court that had no jurisdiction." This case, we repeat, is parallel in its facts to those appearing in the Kennedy case, and which determines the same questions of practice here involved. Following the interpretations and conclusion reached in the Kennedy case, the Knox circuit court in this case was authorized, in determining defendants' motion to quash the process and return thereon, and to dismiss the action if it appeared on the face of the record that it was brought in the wrong venue. The trial court pursued that course in this case, which was in strict conformity with our conclusions reached in the Kennedy opinion.

It should also be remembered that if we should hold that the service in this case was in strict accord with the statute and reverse the judgment, then upon the filing of the mandate and setting the judgment aside defendant could raise in the proper manner the question of proper venue, and when done the action would have to be dis-

missed; so that, after all, no beneficial result to plaintiff would be accomplished by the reversal.

Wherefore, for the reasons stated, the motion for the appeal is overruled, and the judgment is affirmed.