# Commercial Credit Co. v. Harrington.

Oct. 2, 1942.

W. W. Reynolds for appellant.

Harrington & Harrington for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Overruling motion.

The petition herein avers that on July 27, 1937, appellee and defendant below, W. J. Harrington, purchased from the W. H. Meek Refrigerator Sales a refrigerator for which he agreed to pay $259.40. Part of the purchase price was paid at the time and the balance was agreed to be paid in monthly installments until the whole indebtedness was satisfied. Pursuant thereto some payments were made following the purchase until the balance due and unpaid was reduced to $132.94, but subsequent

monthly payments were not met or paid according to the terms of the written contract between the parties. In the meantime the payee (W. H. Meek Refrigerator Sales) sold and transferred the contract, as well as the note evidencing the obligation (both of which bore the signature of appellee and defendant below), to appellant and plaintiff below, Commercial Credit Company, and it filed this action in the Johnson quarterly court to recover the balance of $132.94 due under the contract, the entire unpaid portion becoming due under an accelerated payment clause contained in the contract. Defendant answered denying each and every allegation of the petition. A trial in that court resulted in favor of defendant by the court dismissing plaintiff's petition. From that judgment plaintiff sought an appeal to the Johnson circuit court and filed therein the necessary papers to perfect it. The circuit court overruled defendant's motion to dismiss the appeal from the quarterly court, and on final submission it rendered the same judgment and dismissed the action.

Plaintiff had filed a transcript of the record in this court with a motion for an appeal. The first question to be determined is—whether this court has jurisdiction to review the judgment of the Johnson circuit court from whence the attempted appeal is sought? In addition to the balance of the purchase price due under the contract, plaintiff sought judgment for $25 for wrongful detention of the refrigerator which had been delivered to plaintiff pursuant to a claim and delivery procedure contained in the petition, and also the additional sum of $25.00 as a reasonable attorney's fee—making in all $182.94.

The minimum amount of this court's appellate jurisdiction is $200, and it readily will be perceived that the entire claim of plaintiff was $17.06 less than the minimum amount involved for an appeal to this court. Plaintiff and appellant, however, insist that the present value of the property in lien for plaintiff's debt, the possession of which was obtained through claim and delivery proceedings contained in the petition, is the correct measurement of this court's appellate jurisdiction instead of the amount of plaintiff's indebtedness, and which he seeks to recover by this action, and since the petition sets out the value of the property as being worth as much as or more than $200 this court has jurisdiction to review the judg-

ment complained of; but we do not find any authority sustaining that contention. On the contrary, all text writers and opinions so far as we have been able to discover declare that the amount in controversy is the indebtedness sought to be recovered by the plaintiff regardless of the value of the property incumbered to secure the debt, and that where no effort is made to divert the surplus proceeds of the property over and above plaintiff's debt to someone other than defendant, then the amount in controversy for purposes of appeal by plaintiff is the amount he sought to recover and not the value of the property incumbered as security for the debt.

In 2 Am. Jur. 881, Section 52, it is said: "The determination of the amount in controversy, in appellate courts, is affected by the party appealing. Where the plaintiff is the appellant and the judgment is for the defendant, the jurisdiction of the appellate court is determined by the amount claimed by the complainant." A long list of cases in notes 15 and 16 to that text support that statement of the correct rule. They may be found by reference to the text referred to. The text in 4 C. J. S., Appeal and Error, p. 173, Sec. 86, subsection b, is to the same effect, and this court in the case of Frost v. Rowan, 56 S. W. 427, 21 Ky. Law Rep. 1777, adopted and approved the same rule of practice under proceedings where the facts were exactly analogous to those appearing in this case. The same rule governing this court's appellate jurisdiction was likewise approved and applied in the case of Otter Creek Lumber Company v. Marritt, Ky., 112 S. W. 855. Likewise, is the holding of this court in the case of Newton v. Porter, 65 S. W. 152, 23 Ky. Law Rep. 1388. We have been unable to find any case determined by this court or any other court approving a contrary rule under substantially the same facts presented by this record.

The record discloses that the court heard evidence on the issues made by the answer of defendant, but that evidence was not made a part of the record by a bill of evidence, and consequently none of it was brought here. In such case we would be compelled to presume that it sustained the judgment of the court, and which would deprive appellant of the right to a determination of the case on its merits, even if we had jurisdiction of the appeal.

It follows, therefore, that not having jurisdiction to review the judgment appealed from, the motion for an appeal should be and it is overruled, and the attempted appeal is dismissed.