### HARRISON v. STEFFEN.

No. 132.

District Court, E. D. Kentucky.

Sept. 6, 1943.

226

W. Baxter Harrison, of Covington, Ky., in pro. per.

Harry B. Mackey, of Cincinnati, Ohio, for defendant.

SWINFORD, District Judge.

This case is before me on the defendant's motion to quash the return on the summons.

The plaintiff's decedent was killed in an automobile accident, result of a collision between the car in which he was riding and a car driven by the defendant. The collision and death occurred in Mason County, Kentucky. The plaintiff filed suit in Kenton County, Kentucky. The process was executed on the defendant in Kenton County, Kentucky.

The defendant in due season filed his petition to remove and the case, by proper order of the Court was removed from the Kenton Circuit Court to this Court.

The first question for determination is whether or not this Court can now consider the motion to quash. It is well settled that the appearance by a defendant for the purpose of obtaining the removal of a case from a state court to a federal court does not operate as a general appearance and that all questions that can be made before a state court can be made in the court to which the case has been removed. Employers Reinsurance Corp. v. Bryant, 1937, 299 U.S. 374, 57 S.Ct. 273, 81 L.Ed. 289; Cain v. Commercial Publishing Co., 232 U.S. 124, 34 S.Ct. 284, 58 L.Ed. 534. See also Federal Rules of Civil Procedure, Rule 81(c) and Rule 12(b) 4, 28 U.S.C.A. following section 723c; also 28 U.S.C.A. 81.

This Court on a proper motion must consider the sufficiency of the process to determine whether or not the defendant is properly before the Court.

In urging that the motion to quash should be sustained, the defendant cites the cases of Turner v. Manos, 291 Ky. 431, 164 S.W. 2d 962; Henry Fisher Packing Co. v. Mattox, 262 Ky. 318, 90 S.W.2d 70; Kennedy v. Lee, 272 Ky. 237, 113 S.W.2d 1125.

I do not see that any of these cases have any application to the case at bar. Each of them was dealing with the construction of K.R.S. 188.010 to 188.060.

While it appears that the defendant is a non-resident of the State of Kentucky, he was actually served with process in Kenton County, Kentucky.

The real question for determination here is whether or not this action is a transitory action or whether its venue is fixed and confined to a certain county.

Section 74 of Kentucky Civil Code of Practice provides that actions for injury to the person or property of the plaintiff must be brought in the county in which the

defendant resides or in which the injury is done.

Section 78 of Kentucky Civil Code of Practice provides that all other actions, not specifically directed by the Code to be brought in some other county, may be brought in any county in which the defendant is summoned.

It must therefore be determined whether or not the venue in an action for wrongful death is specifically fixed by any Code provision.

Section 74 is for injury to the person or property of the plaintiff. The injury complained of here is a loss to the estate of the plaintiff's decedent.

Section 411.130, K.R.S., gives the right to institute an action for wrongful death but does not fix the venue. Since the enactment of Lord Campbell's Act (The English Act of 1846, Stats. 9 and 10, Vict. c. 93), recognizing this right to sue, the common law courts have considered such actions transitory. Apparently the question has not been before the Kentucky Courts directly on this point but in the case of Stewart's Administratrix v. Bacon, 253 Ky. 748, 70 S.W.2d 522, the Court in its opinion calls it a "transitory action" under Section 78 of the Civil Code of Practice.

I am of the opinion that the plaintiff had a right to bring this action in the county where the defendant was summoned and that the motion to quash should be overruled. An order to that effect is this day entered.