# Black et al. v. Bishop et al.

January 16, 1948.
As modified March 26, 1948.

Lewis & Weaver, L. O. Siler and Keenon & Odear for appellants.
R. L. Pope, C. B. Upton and William L. Rose for appellees.

OPINION OF THE COURT BY CLAY, COMMISSIONER—
Reversing.

This is an appeal in four consolidated personal injury actions wherein appellees each obtained a judgment against appellants. The injuries arose out of a collision between an automobile in which appellees were passengers and a bus owned by appellant Black and operated by his agent, appellant Hibbard. The facts involved in these cases may be found in our opinion handed down October 31, 1947, in the case of O. H. Black, DBA Black Bus Lines et al. v. McKinley Bishop, 306 Ky. 524, 207 S. W. 2d 22.

On this appeal several questions are raised. We deem it necessary only to consider the objection to the venue of the action in the Whitley Circuit Court. This question was timely raised by both appellants on motions to quash service of process and pleas to the jurisdiction of the Court. The motions and pleas were overruled.

The accident occurred on December 29, 1945, in Clay County. At that time both appellants then resided and now reside in Laurel County. At that time the four appellees resided in Owsley County. At that time also appellant Black, doing business as Black Bus Lines, operated as a common carrier in Whitley County.

On August 1, 1946, appellees moved to Whitley County. On August 28, 1946, appellant Black's certificate as a common carrier in Whitley County was transferred to a partnership known as Black Brothers Lines, and the common carrier business was thereafter operated by this partnership and not by appellant Black individually. The suits were filed in Whitley County on November 11, 1946.

An action of this sort may be brought in the county in which the injury was done or in the county in which the defendant resides. Section 74, Kentucky Civil Code of Practice. Section 73 of the Civil Code of Practice, however, gives a plaintiff the right to bring suit in a county other than the two stated above if the defendant is a common carrier. This latter section provides in part that an action may be brought against the carrier

in the county in which the plaintiff resides, "if he resides in a county into which the carrier passes.".

It is thus apparent that at the time, or soon after the accident occurred, appellees could have sued both appellants in either Laurel County, their residence, or in Clay County, where the injuries were received. They might also have sued the appellant Black in Owsley County, the place of their residence, if he operated as a carrier in that county. It appears in the record that actually suits had at one time been filed against both appellants in Clay County but were subsequently dismissed without prejudice.

Our question, however, is whether or not Whitley County was the proper venue of the present actions which were filed on November 11, 1946. It is apparent that the Whitley Circuit Court did not obtain, or more properly did not continue to have, jurisdiction of the actions against appellant Hibbard upon his raising the proper objection by motion. Appellant Hibbard did not reside in Whitley County, nor had the accident occurred there. Since he personally was not a common carrier, whether or not his principal operated there would not give the Court jurisdiction under Section 73 of the Civil Code of Practice, above mentioned. This question was settled in the case of Silver Fleet Motor Express v. Casey, 288 Ky. 232, 155 S. W. 2d 863. On practically identical facts we held that an individual driving a truck for a common carrier could not be sued in the county where the carrier operated if he did not reside there, and a motion to quash the return on the summons should have been sustained. It was, therefore, error for the Court to overrule the motion of appellant Hibbard in these cases.

Our next question is whether or not the plea to the jurisdiction of appellant Black, the common carrier, should have been sustained. Since appellant Black did not reside in Whitley County nor was the injury done in that county, he could only be sued there if Whitley was the county "into which the carrier passes." It was of course also necessary that appellees reside in that county at the determinative time.

Appellees insist, though rather inconsistently, that Section 73 in referring to the place where the plaintiff

resides, means *at the time suit is filed;* but that reference to the county into which the carrier passes means *at the time the injury is done.* We can see no possible basis for this argument. It is clear from reading Section 73 that the residence of the plaintiff and the operation of the carrier in the same county must coincide. Still further it is implicit in Section 73, and other sections of the Civil Code of Practice relating to venue, that the conditions therein prescribed must exist *at the time suit is filed.* These sections refer to "actions" and where they "must" be brought.

Obviously, as insisted by appellees, the place of their residence at the time the actions are brought is one requisite. Likewise, the carrier must operate in that county at that same time.

Our only remaining question is whether or not appellant Black actually operated as a carrier in Whitley County on November 11, 1946. Admittedly he had operated there prior to August 28, 1946. It appears, however, by official records of the State Division of Motor Transportation, that on July 26, 1946, a petition was filed with this Division requesting permission to consolidate the bus line of appellant Black with another bus line operated by his two brothers; that on August 28 a public hearing was held before the Director of the Division; that the consolidation was approved after such hearing; and that on that date appellant Black was authorized to transfer to the new partnership his common carrier permits. After the date of the above order appellant Black had no authority to operate individually as a common carrier in Whitley County.

Section 73 refers to "a common carrier, whether a corporation or not." There can be no question but that prior to August 28 appellant Black was operating as a common carrier in Whitley County. Thereafter, however, the operation in Whitley County was by a legally recognized partnership designated "Black Brothers Lines." We construe a "carrier" to mean the individual or the corporation or partnership or association who or which has the legal authority to operate as such. For this purpose the "carrier" is the entity and not the persons having a financial interest in the business. We believe that this construction has been here-

tofore recognized by this Court in the cases of Adams Express Co. v. Crenshaw, 78 Ky. 136, and Fields et al. v. Holland & Son, 158 Ky. 544, 165 S. W. 699.

At the time these suits were filed appellant Black, individually, was not operating as a common carrier in Whitley County. For this reason his plea to the jurisdiction should have been sustained, and for this reason the judgments must be reversed as to him.

For the reasons herein stated the judgments in each case are reversed with directions to dismiss appellees' petitions without prejudice.