## SPOT CASH TOBACCO CO., Inc. et al.

v.

## PIKE.

Court of Appeals of Kentucky.

Jan. 22, 1954.

Charles W. Morris, Morris & Garlove, Louisville, for appellants.

H. S. Horen, Louisville, for appellee.

CAMMACK, Justice.

This appeal is from a judgment awarding Donna Faye Pike, age 7, $6,582 for personal injuries. Donna was injured when she was struck by a truck belonging to Spot Cash Tobacco Company and driven by Fred Schalda. The grounds urged for reversal are (1) the verdict is grossly and palpably excessive; and (2) the instruction permitting a recovery for permanent impairment of the plaintiff's power to labor and earn money was not authorized by the pleadings or the evidence.

It was alleged in the petition that Donna had been caused "to suffer bruises, contusions and injuries of a permanent and temporary nature, about her head, back, spine, abdomen, internal organs and nervous system, by reason of which this Plaintiff has suffered, still suffers and will continue to suffer, great pain and anguish, both mental and physical, * * *." Donna received no broken bones, but she was bruised considerably about her head and body. She received a cut some two and one-half inches in length on her forehead along the hairline which required the taking of several stitches. She was first treated at the General Hospital. The next day Dr. Wade Shacklette was called to her home. He said she had numerous abrasions about her face and body, and complained of headaches. He kept her in bed about a

week and she was up about her home some two weeks before she returned to school. Dr. Shacklette changed the bandages on her scalp wound, removed the stitches and administered sedatives. He said the child's headaches ceased after about a week and, when he saw her some six months prior to the trial, she had made a complete recovery. Dr. Frehling examined Donna within two months of her injury. He found nothing wrong with her except the scar, which he said was completely covered by her hair. She made no complaint to him about dizziness or nosebleeds.

On the trial Donna said she still had headaches and nosebleeds, and would get dizzy when she played hard or blew up a balloon. When she blew her nose hard in the presence of the jury it did not bleed, and when she was given a balloon and blew it up in the jury's presence she did not become dizzy. In a deposition taken before the trial Donna said that she did not have any more headaches or pains. It is not disputed that the child has a scar on her forehead near the hairline. Donna's mother and her grandmother said she suffers from headaches and nosebleeds. They said she did not suffer from these ailments before her injury.

■ Counsel for the appellants have cited cases from this Court and from foreign jurisdictions in support of their contention that the verdict is excessive. Counsel for Donna has submitted an able brief citing cases both domestic and foreign in support of the verdict. No useful purpose would be served by an analysis of the cases cited herein. They speak for themselves. Each case turns upon the peculiar facts presented. Verdicts in this jurisdiction have never been considered liberal when compared with those from some other jurisdictions. Our rule is that a verdict is deemed excessive when at first blush it strikes us as being disproportionate to the injuries suffered by the complainant. Williams v. Schmidt, 213 Ky. 122, 280 S.W. 494; Perry v. City of Cumberland, 312 Ky. 375, 227 S.W.2d 411. While it was alleged that Donna suffered permanent injuries,

we find little or no evidence of a permanent injury save for the scar on her forehead. That is near the hairline and appears to be covered entirely by her hair. We consider the verdict of $6,582 as being excessive and are reversing the judgment for that reason.

If there be another trial of the case, the instruction on the permanent injury phase of it should be framed in terms of the pleadings and the proof, if there be any, on the diminution of Donna's power to earn money because of her injuries.

Judgment reversed, with directions to set it aside, and for proceedings consistent with this opinion.