**COMMERCIAL CARRIERS, Inc., Appellant,**

v.

**Joe MATRACIA, Appellee.**

Court of Appeals of Kentucky.

March 21, 1958.

Marion W. Moore, Blakely, Moore & Blakely, Covington, for appellant.

Sawyer A. Smith, Covington, for appellee.

## MONTGOMERY, Judge.

Joe Matracia recovered judgment in the sum of $6,019.40 for damages against Commercial Carriers, Inc. The latter appeals and urges improper venue and excessive damages as reversible error.

The appellant is a Michigan corporation which is engaged in the auto hauling business between various states, including Kentucky. It maintains no office, officer or agent in Kentucky. The appellee is a resident of Kenton County, Kentucky.

On January 19, 1956, appellant's tractor-trailer type vehicle collided with the truck of appellee on U. S. Highway 27 in Harrison County, Kentucky. Liability on the part of appellant was stipulated.

Appellee filed his complaint in Kenton County. Service of process was had on the nonresident defendant under KRS 188.-010 et seq. The complaint alleged, and the answer admitted, that appellant "was at all times a common carrier of freight from the State of Michigan into and through the State of Ohio, Kentucky, and Tennessee, and did pass into and through Kenton County and the State of Kentucky".

The trial court overruled appellant's motion to dismiss because of improper venue.

KRS 452.455, formerly Civil Code, Section 73, controls the venue of a tort action against a common carrier. The pertinent part is:

"* * * An action against such carrier for an injury to a passenger, or to other person or his property, must be brought in the county in which the defendant, or either of several defendants, resides; or in which the plaintiff or his property is injured; or in which he resides, if he resides in a county into which the carrier passes; * * *"

Appellant attacks the venue ruling on two grounds: (1) The action must be brought in the county where the accident occurred; and (2) the statute is in violation of Amendment XIV of the United States Constitution as an unreasonable and arbitrary discrimination against a nonresident and as a denial of equal protection.

The first ground is based on Turner v. Manos, 291 Ky. 431, 164 S.W.2d 962, citing Henry Fisher Packing Co. v. Mattox, 262 Ky. 318, 90 S.W.2d 70, and Kennedy v. Lee, 272 Ky. 237, 113 S.W.2d 1125. Those cases dealt with Chapter 12, Kentucky Statutes, which became Chapter 188, Kentucky Revised Statutes, effective October 1, 1942. They ignored the pertinent part of Civil Code, Section 73, now KRS 452.455, as quoted above. In the Revised Statutes, the language upon which the cases were based was eliminated. Hence, those cases are no longer controlling.

The argument of denial of equal protection is based on Power Manufacturing Co. v. Saunders, 274 U.S. 490, 47 S.Ct. 678, 71 L.Ed. 1165, discussed in the Fisher case. In the Power case, an Arkansas statute was held to be in conflict with the equal protection clause of Amendment XIV of the United States Constitution because it did not apply equally to domestic and foreign corporations. Such is not the case here since the pertinent part of KRS 452.-455 does apply equally to domestic and

foreign common carriers. Under the statute, a tort action against a common carrier at the option of the plaintiff must be brought: (1) in the county in which the defendant resides; (2) in the county in which the injury occurred; or (3) in the county in which the plaintiff resides if he resides in a county into which the carrier passes. The statute affords the plaintiff an option as to the county in which the action may be brought. In this instance, the plaintiff elected to sue in the county in which he resides and into which the carrier passed. Had the carrier been domestic instead of foreign, the same election could have been made if it passed into the county of plaintiff's residence. Louisville & N. R. Co. v. Mitchell, 162 Ky. 253, 172 S.W. 527; Black v. Bishop, 307 Ky. 40, 209 S.W.2d 482. There is no discrimination, and equal protection is afforded. The trial court's ruling on venue was correct.

The verdict awarded appellee $2,519.40 for the damages to his truck. No complaint is made on appeal as to this item, but appellant insists that the $3,500 awarded "for mental and physical suffering" is excessive. It was stipulated that appellee was making no claim for permanent personal injury.

Appellee described his injuries as "Just banged up knees and a few scratches on my legs and bruises on my body". He complained that he had an "extremely nervous" condition which awakened him about once each week for six or eight weeks. Nerve pills were given for relief. Appellee continued to do his work regularly. Two visits were made to the doctor, the day after the collision and about a month later. Appellee's doctor corroborated his testimony.

A verdict is deemed excessive when at first blush it strikes the court as being disproportionate to the injuries suffered. Spot Cash Tobacco Co. v. Pike, Ky., 264 S.W.2d 67; Berio v. Talley, Ky., 269 S.W.2d 185. The adequacy or inadequacy of damages awarded for personal injuries is dependent upon the facts of the particular case. Louisville Taxicab & Transfer Co. v. Langley, Ky., 265 S.W.2d 931. Cases involving minor injuries similar to those suffered by appellee are: DeBuyser v. Walden, Ky., 255 S.W.2d 616; and Bruner v. Gordon, 309 Ky. 29, 214 S.W.2d 997. A verdict of $150 for slight injury was deemed adequate in Anderson v. Kinloch, Ky., 252 S.W.2d 24. See also Barnes v. United States, 103 F.Supp. 51, wherein $50 was upheld for personal injuries and suffering. Under the proof in the instant case, the award of $3,500 for personal injuries is excessive. The issue of damages for personal injuries only should be re-tried. Smith v. Webber, Ky., 282 S.W.2d 346; Beasley v. Evans' Adm'x, Ky., 311 S.W.2d 195.

The judgment is affirmed except for the award of damages for personal injuries, which is reversed for a new trial.