Clark Edward LANE, Sr., Petitioner,

v.

The Honorable Kenneth HUGHES, Judge of
the District Court of Creek County,
Oklahoma, Respondent.

No. 41577.

Supreme Court of Oklahoma.

Oct. 19, 1965.

Covington & Gibbon, Richard D. Gibbon,
Tulsa, for petitioner.

Birdsong & Sanchez, Oklahoma City,
Sellers & Woodson, Sapulpa, Joe A. Moore,
Memphis, Tenn., of counsel on the brief,
for respondent.

HODGES, Justice.

This is an action by Clark Edward Lane,
Sr., hereinafter referred to as petitioner,
seeking a writ of prohibition against the

Honorable Kenneth Hughes, Judge of the District Court of Creek County, Oklahoma, hereinafter referred to as respondent.

On April 16, 1965, J. Jerry Merchant and Hobart Wilson, co-administrators of the estate of Lillian Ruth Riggs, deceased, hereinafter referred to as plaintiffs, commenced an action in the district court of Creek County, Oklahoma, against the petitioner to recover damage for the wrongful death of Lillian Ruth Riggs. The plaintiffs allege in their petition that Lillian Ruth Riggs met her death through the negligent acts of the petitioner and that said accident occurred in Oklahoma County, Oklahoma.

The petitioner is a resident of the State of Texas. The residence of Lillian Ruth Riggs prior to her demise had been in Oklahoma County, Oklahoma, and her estate was probated by the Oklahoma County Court and said court appointed the above named co-administrators of her estate. The co-administrator, Hobart Wilson, is a resident of Creek County, Oklahoma, and the co-administrator, J. Jerry Merchant, is a resident of the State of Texas.

Service of process was issued on the petitioner from the District Court of Creek County, Oklahoma, under the Non Resident Motorist Vehicle Act, Title 47, Sec. 391, of the Oklahoma Statutes.

The petitioner filed a motion to quash and plea to the jurisdiction in said proceedings which was overruled by the respondent with directions to the petitioner to further plead or answer in the case.

The petitioner contends that the District Court of Creek County, Oklahoma, does not have jurisdiction over the person and action. That the respondent is continuing to exercise jurisdiction and authority in said proceedings without authority of law. The petitioner seeks herein a writ of prohibition directing the respondent to desist and refrain from exercising further jurisdiction in said action.

■ The petitioner submits for our consideration two propositions in support of the issuance of such a writ.

## FIRST PROPOSITION

"Where co-administrators are appointed who are residents of different states, they cannot fulfill the requirements of residency as required by Title 47 O.S.A. Section 400."

The venue of an action against non residents for wrongful death arising out of an automobile collision is governed by Title 47 O.S. § 400:

"Actions against nonresidents, as contemplated by this Act, may be brought in the county of which the *plaintiff is a resident* or in the county in which the injury was received, or damage done." (Emphasis added.)

The question presented is the actual meaning of the word "plaintiff" as used in the above statute. The petitioner contends that under this venue section co-administrators residing in different states of the United States cannot have "residence" in one County in the State of Oklahoma. That the appointment of a co-administrator having a diversity of residency waives one of the counties in which proper venue and jurisdiction would normally lie. This would limit the plaintiff to bringing his cause of action against a non resident defendant under the Non Resident Motorist Vehicle Act to the county in which the accident occurred or the damage was done. Under this contention the venue of the instant case would be in Oklahoma County, Oklahoma.

The petitioner urges that the co-administrators are as one entity and have no separate distinction as individuals. That they represent but one interest and one objective and cannot be treated as joint plaintiffs. They must be considered jointly and indivisibly as one plaintiff having one cause of action for the sole and particular benefit of the estate in which they represent.

This proposition having no precedent by this court, our determination must be based upon a construction of the statute itself.

Title 12 O.S. § 1053 provides in part:

"When the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter, or his personal representative if he is also deceased, if the former might have maintained an action had he lived, against the latter, or his representative, for an injury for the same act or omission. * * *"

In construing the above statute we have placed much emphasis on the personal representative's right to maintain an action for a decedent's wrongful death, irrespective of the residence of the deceased. See Cook v. Knox (Okl.) 273 P.2d 865. The federal courts have decided in many instances that the residence of the administrator will control over the residence of the parties for whom action is instituted for wrongful death. Mecom v. Fitzsimmons Drilling Co., 284 U.S. 183, 52 S.Ct. 84, 76 L.Ed. 233; Seymour, Executor, et al. v. Johnson et al., 6 Cir., 235 F.2d 181. The personal representative's capacity is more than a formal or nominal party to an action. He is the moving litigant to such an action and controls the action of the case as any other plaintiff subject to his fiduciary relationship to the deceased.

We find no distinction where the action is commenced by two or more coadministrators. In many instances it is most desirable for the appointment of co-administrators. In Rizer v. Gillpatrick, 16 Kan. 564, the Kansas court held a co-administrator to be both a "party" and a "plaintiff." If a co-administrator did not join in an action as plaintiff there would be a defect of parties unless proper showing was made as provided in Title 58 O.S. § 107. By the same reasoning a co-administrator being a necessary and essential party to a cause of action, the provisions applicable to an individual plaintiff would also be applicable to a co-administrator.

The Legislature could clearly have limited the venue of a wrongful death action to the residence of the deceased. Inasmuch as they have chosen not to restrict the forum of such a cause of action to the residence of a deceased, it is not incumbent upon this court to invade their province.

## PROPOSITION II.

"The provisions of Title 47, O.S. Section 400, is in violation of the Constitution of the United States, specifically the equal protection of the law clause of the 14th Amendment thereto."

The petitioner alleges that the venue statutes applicable to causes of action arising out of automobile accidents are discriminatory between resident and non resident defendants and are in violation of the 14th Amendment of the United States Constitution which provides:

"All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

The applicable venue statute to resident defendants involved in automobile accidents is Title 12 O.S. 1961, § 141:

"The venue of civil actions for damages resulting from the use or operation of motor vehicles, wherein the defendant or defendants resided in the State of Oklahoma at the time of injury, shall be, at the option of the plaintiff or plaintiffs, in either of the following:

"1. In any county of Oklahoma where service of summons can be obtained upon one or more of the defendants as now provided by law.

"2. In any county where the damages or a part thereof were sustained"

The venue statute as to non residents is Title 47 O.S. § 400 supra.

The premise upon which this proposition is advanced is that a plaintiff in an action involving a non resident defendant has the option of bringing a cause of action in the county of plaintiff's residence while an action involving a resident defendant is restricted to the county where the accident occurred or in the county in which the defendant may be served with summons. The petitioner contends that such discrimination violates the equal protection clause of the 14th Amendment of the Constitution of the United States.

The petitioner cites several cases from the State of Kentucky which support his position wherein a similar venue statute was declared unconstitutional under the 14th Amendment of the Constitution. Henry Fisher Packing Company v. Mattox, 262 Ky. 318, 90 S.W.2d 70; Kennedy v. Lee, 272 Ky. 237, 113 S.W.2d 1125. Other jurisdictions, however, have upheld the constitutionality of such venue statutes. Kelso v. Bush, 191 Ark. 1044, 89 S.W.2d 594; State, ex rel. Blackledge v. Lataurette, 186 Or. 84, 205 P.2d 849, 8 A.L.R.2d 803. The venue statute of the State of Oregon extends the option of a plaintiff even further by allowing the filing of a cause of action against a non-resident in any county which the plaintiff chooses. The Oregon court reasoned in State, ex rel. Blackledge v. Lataurette, supra:

"The relator contends that the clause of the above section of our laws which permits an action against a nonresident to be tried in any county which the plaintiff designates, denies to nonresidents the equal protection of the law. Obviously, the venue of actions against nonresidents must be laid in some county. In the process of classification for venue purposes, we think that the legislature had a right to view nonresidents different from residents, and to deem venue immaterial to them."

The petitioner then cites Power Manufacturing Co. v. Saunders, 274 U.S. 490, 47 S.Ct. 678, 71 L.Ed. 1165, as authority for sustaining his petition. The Saunders case, which was considered by our court in Phillips Petroleum Co. v. Smith, 177 Okl. 539, 61 P.2d 184, 107 A.L.R. 858, did not involve an individual against a foreign corporation, but a domestic corporation versus a foreign corporation. The court declared the state venue law unconstitutional on the premise that the foreign corporation was doing business in the state by her permission with a fixed place of business and an agent in one county and for that reason foreign corporations should not be classified any differently in transitory actions from domestic corporations. But the court did state:

"No doubt there are subjects as to which corporations admissibly may be classified separately from individuals and accorded different treatment, and also subjects as to which foreign corporations may be classified separately from both individuals and domestic corporations and dealt with differently."

This court was confronted with a similar question in an analogous situation in the case of Phillips Petroleum Co. v. Smith, supra. In that case the defendant, a foreign corporation, complained he was not afforded equal protection of the law in that the statutes of the State of Oklahoma permitted an action for damages for personal injuries against a foreign corporation to be brought in the county wherever it owned property or had debts owing to it within the State, but restricted actions against domestic corporations to the county of their principal office or place of business.

In upholding the constitutionality of the statute we quoted from the case of Bain Peanut Co. v. Pinson, 282 U.S. 499, 51 S.Ct. 228, 75 L.Ed. 482, as follows:

"The interpretation of constitutional principles must not be too literal. We must remember that the machinery of

government would not work if it were not allowed a little play in its joints. In deciding whether a corporation is denied the equal protection of the laws when its creator establishes a more extensive venue for actions against it than are fixed for private citizens we have to consider not a geometrical equation between a corporation and a man but whether the diference does injustice to the class generally, even though it bear hard in some particular case. * * * The range of the State's discretion is large."

In the Bain case the Supreme Court of the United States upheld a state statute that permitted, as between domestic corporations and individuals, suits against corporations in any county in which the cause of action arose, while unincorporated concerns or individuals were assumed not subject to a suit outside the county of their domicile in a similar situation, and denied the claim of unequal protection.

The question then to be decided is whether the venue statute does injustice to a foreign corporation as a class generally and not as to a particular foreign corporation in any given case.

The venue as to a non-resident must lie somewhere. In practical application there is an obvious distinction between resident and non-resident defendants. One can be personally summoned within the State while the other cannot. In establishing the venue of a cause of action the Legislature has the right to consider not only the rights of the parties involved, but the more convenient forum. A non-resident defendant will be more or less inconvenienced by being sued anywhere away from his place of residence outside the State, but the difference to him between one county and another is likely to be less than it will be to a resident defendant living within the State. Equal justice does not depend on the locality or a particular court. It should not matter to a non-resident defendant where the venue lies within a State so long as the Legislature guarantees to him that his fundamental rights will be equally administered by equal laws. When the Legislature has so provided it has afforded him equal protection of the law. In the instant case the Legislature of the State of Oklahoma has provided the petitioner the protection of his fundamental rights.

We therefore determine that the venue of this action was properly and adequately laid in the District Court of Creek County, Oklahoma, under the provisions of a valid act of the Legislature of the State of Oklahoma, and the writ of prohibition is accordingly denied.

JACKSON, V. C. J., and DAVISON, WILLIAMS, BLACKBIRD, BERRY and LAVENDER, JJ., concur.