# IMPORTANT NOTICE
## <u>NOT TO BE PUBLISHED OPINION</u>

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: SEPTEMBER 20, 2007
NOT TO BE PUBLISHED

# Supreme Court of Kentucky FINAL

2007-SC-000188-OA

DATE 10-11-07 ElizaGrouthPC.

CATHY K. HARMON                                                                    APPELLANT

V.
ON REVIEW FROM COURT OF APPEALS
CASE NUMBER 2006-CA-002582
PULASKI CIRCUIT COURT NO. 06-CI-00606

HONORABLE JEFFREY T. BURDETTE,
(JUDGE, PULASKI CIRCUIT COURT),
AND CARLTON E. CASH AND
JENNIFER L. BURTON
(REAL PARTIES IN INTEREST)                                                    APPELLEES

## MEMORANDUM OPINION OF THE COURT

### AFFIRMING

The Appellant in this action, Cathy K. Harmon, requested the Court of Appeals

issue a writ of prohibition against Honorable Jeffrey T. Burdette, judge of the Pulaski

Circuit Court, to prevent the transfer of a civil action based upon an automobile wreck,

from the Appellant's county of residence to the county where the accident occurred.

The court denied the request and the Appellant appeals to this Court as a matter of

right.

Harmon, a Pulaski County resident, was injured as a passenger in an automobile

wreck that occurred in Larue County. She filed suit against both the driver of the vehicle

she had been riding in (an Adair County resident), and the driver of a second vehicle (a

resident of Alabama at the time the suit was filed), in the Pulaski Circuit Court.

Judge Burdette issued an order transferring venue to Larue Circuit Court, the court located within the county where the accident occurred. Judge Burdette first considered whether venue was proper in Pulaski County. He determined that venue was improper in Pulaski County because the accident did not occur in Pulaski County and neither of the defendants resided there. Judge Burdette opined that KRS 452.460, providing that venue is proper in the county where the defendant resides or where the injury occurred, and KRS 454.210(4), providing that venue is proper as to a nonresident defendant in the county where the plaintiff resides or where the injury occurred, were in conflict. Adopting this Court's rationale in a similar case, Kennedy v. Lee, 272 Ky. 237, 113 S.W.2d 1125 (1938) (holding that an action against a nonresident arising out of the operation of an automobile on highways of the state may only be brought in the county where the defendant resides or where the injury occurred), the trial judge declared venue was improper in Pulaski Circuit Court.

Harmon petitioned the Court of Appeals for extraordinary relief pursuant to CR 76.36, asking the appellate court to prohibit the trial court from enforcing its orders transferring the civil action to Larue County. The Court of Appeals, in a unanimous opinion, denied the petition. Writing for the court, Senior Judge Knopf explained that under KRS 452.105, a trial court may transfer an action to another venue based upon its determination that it lacks venue to try the case. Citing this Court's opinion in Hoskins v. Maricle, 150 S.W.3d 1 (Ky. 2004), the Court of Appeals reasoned that when the trial court was acting within its jurisdiction, extraordinary relief would only be granted upon a showing that Petitioner had no adequate remedy by appeal or otherwise and that she would be irreparably harmed unless the court issued the writ. Finding that Petitioner made no such showing, the Court of Appeals declined to issue the writ.

A writ of prohibition is a matter of this Court's judicial discretion. Id. at 5. Writs interfere with "the orderly, even if erroneous, proceedings of a trial court," Id. (emphasis

2

added), and therefore "should be granted *only upon* a showing that: 1) the lower court is proceeding or is about to proceed *outside its jurisdiction* and there is *no adequate remedy by appeal* or 2) the lower court is about to act incorrectly, although *within its jurisdiction*, and there exists *no adequate remedy by appeal or otherwise and great injustice and irreparable injury would result.*" Id. at 6 (quoting Southeastern United Medigroup, Inc. v. Hughes, 952 S.W.2d 195 (Ky. 1997)).

In the case sub judice, a writ of prohibition is not appropriate. Harmon has not shown that the trial court was acting outside of its jurisdiction. Under KRS 452.105, a trial court is given the authority to transfer an action to another venue based upon its determination that it lacks venue to try the case.

Because the lower court had the authority to determine whether venue was proper and transfer the case to another county upon a finding that venue was improper, and because Harmon has failed to show that the ordinary process of appeal is inadequate and that she would suffer irreparable injury if forced to try her case in the county where the accident occurred, the opinion of the Court of Appeals denying the writ of prohibition is affirmed.

All sitting. All concur.

3

COUNSEL FOR APPELLANT:

John Richard Clay
Clay & Clay
319 West Main Street
Danville, KY 40422


COUNSEL FOR APPELLEE:

Hon. Jeffrey T. Burdette
100 N. Main Street
P.O. Box 1324
Somerset, KY 42501

Craig Cox
Bertram, Cox & Miller
321 E. Main Street
P.O. Box 1155
Campbellsville, KY 42719-1155

Michael L. Harris
204 Public Square
P.O. Box 459
Columbia, KY 42728