## Roederer's Administratrix v. Gray et al.

(Decided March 13, 1934.)

670

LAWRENCE S. GRAUMAN for appellant.
LUKINS & JONES for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Henry J. Roederer's administratrix brought this suit against Daniel T. Gray, Sr., and Daniel T. Gray, Jr., to recover damages for his death. From a verdict and judgment in favor of the defendants, the administratrix appeals.

It is first insisted that Daniel T. Gray, Jr., was guilty of negligence as a matter of law. The facts are

these: About 3:30 o'clock on the morning of January 9, 1932, Roederer was driving a wagon on the Bardstown road. At a point between Bonneycastle avenue and Alta avenue his wagon was struck from the rear by an automobile driven by Daniel T. Gray, Jr., and belonging to his father, Daniel T. Gray, Sr. According to the testimony of the younger Gray, Roederer had no light of any kind on his wagon, and at the time of the accident he was on the curve between Alta and Bonnycastle. Because of the curve, the lights on his automobile were deflected, and he did not see the wagon until he was within 10 or 15 feet of it. He immediately applied his brakes and swerved his car to the left. The right front fender and bumper of the car struck the left wheel of the wagon. As a result of the jar, Roederer fell from the wagon and sustained injuries from which he died.

This is not a case where the driver of the car was blinded by lights while rounding a curve, as in Lexington-Hazard Express Co. v. Umberger, 243 Ky. 419, 48 S. W. (2d) 1066, or a case where there was a confusion of lights and the driver was going at an excessive rate of speed, as in United Coach Corporation v. Finley, 243 Ky. 658, 49 S. W. (2d) 544. It is a case where the driver of the machine was going around a slight curve at 25 miles an hour and ran into an unlighted wagon. Nothing is more dangerous to a motorist approaching from the rear than an unlighted vehicle. Because of this danger, the statute requires every vehicle used or operated upon any public highway, road, or street, whether it be in operation or stationary, to display at the rear a lighted lamp showing red, visible from the rear 200 feet away. Section 2739g-24, Kentucky Statutes, Baldwin's 1933 Supplement. Clearly a motorist has a right to assume that the operator of every vehicle on the highway has complied with the statute, and, if he looks up the road and sees no red light, to proceed on the assumption that no vehicle is immediately in front of him until it becomes reasonably apparent from his own lights or other means that such is not the case. In view of the evidence that there was no red light at the rear of the wagon, and of further evidence that the lights on the automobile were deflected and the driver did not see the wagon until it was only 10 or 15 feet away, it is

at once apparent that the case is one where there may be a reasonable difference of opinion as to the conclusions to be drawn from the facts, and that the driver's negligence was therefore a question for the jury. Louisville & N. R. Co. v. Spears' Adm'r, 192 Ky. 64, 232 S. W. 60; Louisville & N. R. Co. v. Jolly's Adm'x, 232 Ky. 702, 23 S. W. (2d) 564.

Clearly the burden of showing the insufficiency of the lights was on plaintiff. No witness testified that the lights were insufficient. The only witness on the subject stated that the lights were burning and in proper shape. The argument is that, as there was evidence that the curve was only slight and the wagon could have been seen, the circumstances were such as to require the submission of the question to the jury. As the failure to see an unlighted vehicle in front may be due to the deflected lights, or to the position of the vehicle in the highway, or to other circumstances, we are forced to conclude that the mere fact that the driver does not see the vehicle is not evidence of insufficient lights.

Another insistence is that the court erred in refusing to authorize a recovery if the driver of the car failed to use ordinary care to avoid the collision after the decedent's peril was discovered, or in the exercise of ordinary care could have been discovered. By instruction No. 1 a recovery was authorized if the driver failed to keep a lookout, or failed to exercise ordinary care generally, to so run and operate the automobile as not to bring it in collision with other persons or vehicles on the highway, and by reason thereof plaintiff's decedent received the injuries from which he died. By instruction No. 2 the jury were told in substance that, if plaintiff's decedent failed to have on the rear of his wagon a lighted lamp reflecting red, etc., and such failure, if any, so helped to cause or bring about the collision that but for which the collision would not have happened, they should find for the defendant, even though they should further believe from the evidence that the driver failed to perform some one or more of the duties required of him by instruction No. 1. The case is not one where the wagon suddenly came into the highway. It was there all the time. The situation was such as to require a lookout by the driver of the car. There was evidence that the

curve in the highway was only slight, and that an object in the highway where the accident happened could have been seen for a distance of 250 or 300 feet back of it. From this it might be deduced that there was no substantial deflection of the lights on the car, and that with their aid a proper lookout would have revealed the presence of the wagon long before the driver of the car claims that it was actually discovered. In view of these circumstances we are constrained to hold that it was for the jury to say whether the driver of the car saw or by the exercise of ordinary care could have seen the wagon in time to have avoided the injury by the exercise of ordinary care. Louisville Ry. Co. v. Thornberry, 197 Ky. 272, 246 S. W. 812; Ross v. Louisville Taxicab & Transfer Co., 202 Ky. 828, 261 S. W. 590; and that it was error to refuse an offered instruction so qualifying the instruction on contributory negligence.

There is no merit in the contention that the court erred in refusing to submit the question, whether or not the failure of decedent to have a lighted lantern was the proximate cause of the accident. Among other duties imposed by one of the instructions was the duty to have on the rear of the wagon a red light visible for a distance of 200 feet, and the jury was told that, if the decedent was negligent in that he failed to perform some one or more of the duties required by the instruction, and that by reason of such negligence, if any, said collision would not have occurred, then the law was for the defendant. This instruction on contributory negligence is in the usual form, and has often been approved by the court.

The granting or refusal of a view of the premises by the jury is a question that addresses itself to the sound discretion of the court (Majestic Theatre Co. v. Lutz, 210 Ky. 92, 275 S. W. 16), and the facts here presented are not sufficient to show an abuse of that discretion.

On the whole we find no other error in the record prejudicial to appellant's substantial rights.

Judgment reversed, and cause remanded for a new trial consistent with this opinion.

Whole court sitting, except Dietzman J.