## Bruner v. Gordon.

June 1, 1948.

Rehearing denied December 10, 1948.

Delbert Eagle and Joe Caylor for appellant.

Leonard S. Stephens for appellee.

OPINION OF THE COURT BY JUDGE KNIGHT—Affirming.

This is a suit by appellee against appellant for damages to his automobile and for personal injuries arising out of a collision between a tractor-trailer owned by appellant and the automobile owned and operated by appellee. The jury returned a verdict for appellee in the sum of $1250. From a judgment based on that verdict, appellant prosecutes this appeal.

## Basis of Appeal.

In his brief appellant sets up and argues four grounds upon which he asks reversal of this judgment. They are: (1) The verdict of the jury was so excessive as to indicate that it was the result of passion and prejudice; (2) the verdict of the jury was not supported by the evidence and was flagrantly against the evidence;

(3) appellee was not qualified to testify as to the market value of the car immediately before and immediately after the accident; (4) improper argument of counsel for appellee.

Because it seems more logical to do so, we are considering the above four grounds, not in the order in which they are stated, but in the following order: 2—1—3—4.

### Is Verdict Flagrantly Against Evidence?

The facts of the case are simple and while the proof is conflicting, the issues are well defined. The accident happened on July 29, 1946, at about 11:30 A. M. on Highway No. 27 in McCreary County, Ky. It had been raining and the road was wet. Appellee was driving north on Parker's Lake Hill on this highway alone in his Buick car and appellant and the driver employed by him were driving south on this hill in a large tractor-trailer used for hauling lumber. Highway 27 has a decided curve at the place where the accident occurred. Appellant and his driver were coming down this hill in the tractor-trailer at what his evidence shows was about 25 miles per hour, but which appellee's evidence shows was about 50 miles per hour. Appellee was coming up the hill at what his evidence shows to have been from 15 to 20 but not exceeding 30 miles per hour.

According to evidence for appellee, he passed a coal truck going in the same direction on this same hill. As he cleared the truck and neared the curve he saw the tractor-trailer coming around the curve towards him but instead of the trailer being immediately behind the tractor, it had "jack-knifed" to the side of the tractor at an angle, thus covering most of the paved road and blocking his way. He pulled to the edge of the road as far as possible, applied his brakes and practically came to a stop but was unable to do anything to avoid the collision which he saw was inevitable unless the driver of the tractor could get it under control and straighten out the trailer from its "jack-knife" position. The rear end of the trailer struck the left front end of his car knocking it over the embankment where it turned over and lay on its right side. The tractor part of appellant's truck was on its right side of the road but it was the

"jack-knife" position of the trailer, which was on appellee's side of the road, that caused the accident.

According to appellant's evidence, appellee attempted to pass a coal truck as he came up the hill but before he was able to do so and get back on his right side of the road and in front of the coal truck, appellant rounded the curve. He saw that appellee would not clear the coal truck he was passing and get on his right side and in order to avoid a head-on collision, appellant had to take the ditch on his right side. Appellee then hit the back of the trailer resulting in the damage inflicted.

It will thus be seen that there were two conflicting theories as to the cause of the accident and how it happened, appellee's theory being supported by his own testimony and that of the two disinterested eye witnesses who were in the coal truck which he passed as he started up the hill. Appellant's theory was supported by his own testimony and that of his driver. It was therefore clearly a question of fact to be determined by the jury as to which theory was correct as to how the accident happened. We could not say the verdict of the jury was not supported by the evidence or that it was flagrantly against the evidence. In fact, the evidence for appellee was preponderant. We are, therefore, not authorized to set aside the verdict of the jury on this ground.

### Was the Verdict Excessive?

This presents the only difficult question raised on this appeal. In its verdict the jury did not separate the items which made up the total of $1250 awarded the plaintiff. However, since the only proof introduced fixed the damage to the automobile at $600, we assume that the jury allowed that sum for that item in its verdict, that being the amount of damage to the automobile claimed in the petition. The proof shows that the doctor's bill was $7 and we assume that the jury allowed that sum for that purpose in its verdict. This leaves a balance of $643 which the jury apparently allowed for personal injuries to appellee.

The proof shows that when the car was turned over appellee received a shock from which he was rendered unconscious or semi-conscious for several hours. He

received a cut of about 1½ inches above the elbow and two cuts, not so long, below the elbow, all on his left arm. These were clamped and sutured by the doctor and there was some, though not serious, loss of blood from these cuts. The cuts were not deep and did not go deeply into the muscular tissue. There was pain and soreness for about one week but the cuts were healed in about three weeks and none of the injuries were permanent. The doctor dressed the injuries, appellee went to the home of a friend but was able to return to the scene of the accident later the same day and took some pictures. The doctor again dressed the injuries a week later and discharged his patient. He testified that the scars would remain permanently but would not affect the use of his arm.

While the damages allowed for personal injuries were rather large in view of their temporary nature, yet we cannot say they were so large as to shock the conscience or to indicate that they were arrived at as the result of passion and prejudice. Appellant lives in Garrard County and appellee lives in Boyle County and this accident occurred and the trial was held in Mc-Creary County, some 80 miles away, and apparently there was no cause for the jury to be prejudiced in favor of either party. Since the verdict does not appear to have been arrived at through passion or prejudice and since the sum allowed, although adequate, does not appear to be unreasonable, we do not feel authorized to reverse the case and set it aside for this reason. A review of the damages approved by this and other courts would serve no useful purpose. As was said by this court in the recent case of Central Truckaway System v. Moore, 304 Ky. 533, 201 S. W. 2d 725, 730:

"An award of damages in every case must be determined by the facts peculiar to it, and, because of the variable value of the dollar, an award of the same amount at one time may be considered excessive while at another it may not. Taylor-Green Gas Co., Inc. v. Newcomb, 302 Ky. 564, 195 S. W. 2d 307."

## Evidence as to Value of Car.

The only evidence introduced by either side as to the value of the damaged car was that of appellee who testified that its value immediately before the accident

was $900 and its value immediately after the accident was $300. Appellee testified that he had studied the prices of automobiles and was familiar with their market value at the time of the accident and that he had bought and sold four cars in the last five years. Appellant contends that appellee was not qualified to testify as to the market value of the car. We think this contention is not well founded. As was said by this court in the recent case of General Exchange Ins. Corp. v. Branham, 296 Ky. 711, 178 S. W. 2d 409, 410:

"Nor was the testimony of the appellee and his witness incompetent. An ordinary witness who testifies that he knows the market value of an automobile, as did these witnesses, is competent to testify as to such value —one need not be an expert or have special qualifications for this purpose."

Appellant had the right to produce testimony to contradict the testimony as to the value of this car but he did not do so. Appellee's testimony, therefore, stands as the only evidence before the jury as to the value of the car and the damage done to it, and the jury was authorized to use this evidence in fixing the damage.

### Improper Argument of Counsel.

In his argument before the jury, appellee's counsel said: "Bolin and the highway patrolmen tracked back; he tracked back to the two officers." Appellant contends that this statement, which was objected to at the time, was prejudicial because the highway patrolmen were not introduced as witnesses and there was no testimony in the record to justify the statement. While the statement was improper because there was no testimony in the record to sustain it, it was not of sufficient importance to prejudice appellant's case. Certainly it would not justify reversal of the case on that ground and we do not do so.

### Conclusion.

After a careful consideration of the whole case we find no errors prejudicial to the substantial rights of appellant and the judgment of the lower court must therefore be affirmed.

Judgment affirmed.

Chief Justice Sims and Judge Thomas dissent from so much of the above opinion as holds that the sum of $643 for personal injuries to appellee is not excessive. It is their view that since the injuries were not permanent, the damage allowed for this item was excessive.