**DEPARTMENT OF CONSERVATION v. FLOYD.**

Court of Appeals of Kentucky.
Jan. 23, 1953.

496

COMBS, Justice.

This action originated before the State Board of Claims. KRS 44.070 et seq. The Board, by majority vote, dismissed the claim on the ground that plaintiff was guilty of contributory negligence. On appeal to the Franklin Circuit Court the Board's order was set aside and judgment entered for plaintiff in the amount of $1100. The Department of Conservation appeals.

In July, 1950, plaintiff, then a young lady of 19, was a member of a group visiting Pioneer Memorial State Park at Harrodsburg. Visitors at the park are charged an admission fee at the gate and ordinarily are furnished with a guide. On this occasion no guide was furnished. The party visited several of the buildings and finally came to a "blockhouse" representing a colonial community center. The door to the building was open. The building consisted of one large center hall, with a door on each side of the hall opening into a smaller room. The building was poorly lighted but the door leading into the small room on the right of the hall was also open. It was comparatively dark in the small room but some of the party observed a large moose head extending from the chimney over the fireplace. The party entered the small room and plaintiff struck her foot against a piece of wire netting lying on the floor. The wire had a rough, jagged edge and plaintiff received a painful cut on her foot. The wound was approximately one-inch long and two stitches were required to close it. The wound bled profusely, and plaintiff fainted before medical attention was obtained. She was unable to walk on the injured foot for one month, and testified at the hearing in November, 1950, that her foot still caused her pain when she was required to stand for any appreciable length of time. She lost one month's employment at the bank where she is employed at a salary of $135 per month, and her medical bills amounted to $36.

 We find no contributory negligence on the part of plaintiff. She was an invitee at the park and the defendant owed her the duty to exercise ordinary care to have the premises in a reasonably safe condition and to give her adequate warning

J. D. Buckman, Jr., Atty. Gen., and Squire N. Williams, Jr., Asst. Atty. Gen., for appellant.

W. Earl Dean, Harrodsburg, for appellee.

of any artificial or natural condition unknown to her which might cause her injury. Peerless Mfg. Corp. v. Davenport, 281 Ky. 654, 136 S.W.2d 779; Leonard v. Enterprise Realty Co., 187 Ky. 578, 219 S.W. 1066, 10 A.L.R. 238.

Although it was dark in the room where plaintiff was injured, and there is testimony this particular building was used as a storeroom and was not intended to be open to the public, plaintiff had the right to assume, since the door was open, that the premises were free from latent defects or hazards.

■ It is also argued that the damages are excessive. The award is liberal but we are not prepared to say it is excessive. Cf. Bruner v. Gordon, 309 Ky. 29, 214 S.W. 2d 997.

The judgment is affirmed.