## DE BUYSER et al. v. WALDEN.

Court of Appeals of Kentucky.
Feb. 27, 1953.

Orie S. Ware and James C. Ware, Covington, for appellants.

R. Howard Smith, Newport, for appellee.

DUNCAN, Justice.

The appeal is from a judgment for $1,000 for property damage and personal injuries sustained in an automobile accident which occurred about 2:00 a. m., on January 12, 1950, on U. S. Highway 25 about one mile south of Walton.

At the time of the accident, appellant Charles DeBuyser was driving a loaded tractor trailer owned by the appellant, Ashland Oil and Refining Company, enroute from Covington to the company's bulk plant at Lexington, Kentucky. There is sharp disagreement between the parties as to the facts. DeBuyser stated that as he approached the scene of the accident there was an automobile parked in the opposite driving lane with its headlights set so as to blind him. He, therefore, slowed his vehicle to from three to five miles per hour as he passed the parked car. After passing, he started to increase his speed and had shifted his gears for that purpose when his trailer was struck in the rear by a 1941

Cadillac, owned and driven by appellee Paul Walden.

Walden, who was traveling in the same direction as the tractor trailer, stated that the car which DeBuyser said was parked was actually in movement proceeding toward him in the opposite lane and that appellants' tractor trailer was parked without lights or reflectors in Walden's lane of traffic. He states that he did not see appellants' vehicle until he was within about fifteen feet of it and it was then too late to avoid the collision. A passenger in Walden's car supported his version of the accident. The evidence does not disclose the speed of the Walden car, but it is admitted that he did not reduce his speed after observing the approaching car.

Appellants insist that Walden was guilty of contributory negligence as a matter of law in failing to slacken his speed when he observed the lights of the approaching car, or that his failure to observe the tractor trailer as a greater distance than fifteen feet can only be accounted for upon the theory that his car was not equipped with lights meeting the statutory requirement of revealing substantial objects for a distance of at least 350 feet ahead. KRS 189.040.

The question of contributory negligence is ordinarily one for the jury, but where the facts are such that reasonable minds can draw but one conclusion, the question becomes one of law for the court. Under the facts in this case, it is necessary for us to determine whether the failure of a motorist to slacken speed when his vision is impaired by the lights of an approaching car amounts to contributory negligence as a matter of law. In Lexington-Hazard Express Co. v. Umberger, 243 Ky. 419, 48 S.W.2d 1066, the driver of an automobile while blinded by the lights of a passing car and unable to see ahead crashed into a truck parked on the road. In an action against the owner of the truck, the plaintiff was held to be guilty of contributory negligence as a matter of law because of his failure to reduce his speed when blinded by the lights of the approaching car. That case was discussed and distinguished in the later case of Com. v. Daniel, 266 Ky. 285, 98 S.W.2d 897, which pointed out that in the Umberger case the plaintiff was rounding a sharp curve and that fact was held to distinguish the Daniel case. In the latter case, it was held that the question of contributory negligence in failing to slacken speed when blinded by the lights of an approaching car was one of fact for the jury. That opinion quoted with approval the opinion in Roederer's Adm'x v. Gray, 253 Ky. 669, 69 S.W.2d 998, 999, where it was said:

"Nothing is more dangerous to a motorist approaching from the rear than an unlighted vehicle. * * * In view of the evidence that there was no red light at the rear of the wagon, and of further evidence that the lights on the automobile were deflected and the driver did not see the wagon until it was only 10 or 15 feet away, it is at once apparent that the case is one where there may be a reasonable difference of opinion as to the conclusions to be drawn from the facts, and that the driver's negligence was therefore a question for the jury."

The later case of Ashton v. Roop, Ky., 244 S.W.2d 727, in effect overruled the Umberger case insofar as it might have been construed as establishing the rule that a motorist was invariably guilty of contributory negligence as a matter of law in failing to slacken his speed when blinded by the lights of an approaching car. We think the facts of this case bring it within the rule announced in the Roederer and Roop cases, and that appellee's contributory negligence was a question of fact for the jury.

Neither can it be said that the fact that appellee did not observe the tractor trailer until within about fifteen feet of it necessarily indicates that his headlights did not meet the statutory requirements, or that he was not keeping a proper lookout. The statute does not require lights which will reveal objects for 350 feet under all conditions and at all times. Many factors may intervene and render it impossible to observe an object until within a few feet of it. If we accepted appellants' reasoning, there would be no necessity for lights and warnings at barricades, or rear lights and reflectors for trucks and busses.

Appellants' contention that the damages are excessive presents a more serious problem. The total repair bill for appellee's automobile was $86.75, although one witness fixed the difference in the value of the car immediately before and after the accident at $200. His medical expenses were $55, which included a highly questionable item of $25 for drugs and medicine. Therefore, the highest possible award which might have been made for special damages was $255 which leaves $745 as compensation for pain and suffering as a result of his personal injuries.

Two days after the injury, appellee consulted a physician, who testified that he observed small abrasions on the nose and chest which were neither serious nor disabling. X-rays of all areas were found to be negative. Appellee stated that since the accident he had suffered with nervousness, loss of weight, soreness in his shoulders and back, and had developed a susceptibility to colds. There is no medical testimony that these symptoms had any connection with the accident, and in the absence of such proof, we are not justified in assuming that fact. Southern Mining Co. v. Cornelius, 284 Ky. 515, 145 S.W.2d 93.

It is always difficult to measure pain and suffering in terms of dollars and cents. The fixing of damages is exclusively a matter for the jury, and we have no right to reverse a judgment on the grounds of excessive or inadequate damages except under the authority of Section 340, subsection 4, Civil Code of Practice, when the amount of the award is so excessive or inadequate as to indicate that it was fixed by the jury under the influence of passion or prejudice or in disregard of the evidence and instructions of the court. In Bruner v. Gordon, 309 Ky. 29, 214 S.W.2d 997, this Court affirmed a judgment for $1,250, which, after deducting the special damages, included $643 for an injury which we regard as more serious than was suffered by appellee here. Two of the members of the Court dissented from the majority view that the award in the Gordon case was not excessive. We think that fact justifies us in considering that case as borderline with regard to superficial injuries. Comparing the injuries and award here by those in that case, we are constrained to the view that the judgment here is so excessive as to justify reversal under the authority of Section 340, subsection 4, Civil Code of Practice.

For the reason indicated, the judgment is reversed for proceedings consistent with this opinion.