## BERIO v. TALLEY.

## BERIO v. SANDERS (two cases).

Court of Appeals of Kentucky.

June 4, 1954.

P. M. Basham, Hardinsburg, for appellant.

Trent & Beard, S. H. Monarch, Hardinsburg, for appellees.

CLAY, Commissioner.

This is an automobile collision case. In a consolidated trial appellees, James and Mary Sanders, recovered judgments against appellant in the respective amounts of $1,000 and $2,250. The jury found for appellee Talley with respect to appellant's claim against him. Appellant's grounds for reversal relate principally to the instructions and the alleged excessiveness of the damages awarded.

As appellant was driving his automobile on highway 60 near Cloverport he approached Talley's car parked on the brow of a hill on the right side of the road. When appellant passed the parked vehicle he swung into the left lane and struck the oncoming Sanders' automobile.

Appellant raises several objections to the instructions. We have examined them carefully and find that they submitted to the jury in the clearest and fairest possible manner all of the significant issues in the case. As a matter of fact, they were more favorable to appellant than the proof justified, and his objections are not well taken.

Appellant makes the point that the physical facts of the case overcame appellees' testimony with respect to the cause of the accident. Apparently his position is that since he testified it was snowing hard, such physical fact should absolve him of liability because he stated he skidded on the highway. This unique contention is without merit.

The only serious question presented on this appeal is whether or not the verdicts awarded Mr. and Mrs. Sanders were excessive.

Mr. Sanders testified that he received a bump on his forehead "that stuck way out for days", that he hurt his leg, and that he lost about six or eight days from his work because of his injuries. He did not require medical attention, and he did not plead special damages.

Mrs. Sanders testified that she had been thrown up against the dashboard, was bruised in many places and bit through her tongue. She received lacerations of the face and particularly complained of pain in the chest and knee. She said she was confined to her bed for about two weeks. Apparently a few days after the accident she developed a pain in her back and at the time of the trial she said she was still suffering.

She was attended by a physician who testified with respect to lacerations of the face and multiple contusions. He had removed a piece of glass from her forehead. X-ray examinations showed no fractures. This doctor treated Mrs. Sanders for approximately a month after the accident when he discharged her as not requiring further medical attention. He testified that her injuries were of a super-

ficial nature and he did not know of any permanent injury.

■ The awards to compensate them for pain and suffering were approximately $500 for Mr. Sanders (the other $500 was for property damage) and $2,250 for Mrs. Sanders. While such a subjective factor is difficult of ascertainment and may not adequately be measured in dollars and cents, there do exist limitations on the right of a jury to make an award. The court may set aside a jury verdict for excessive damages if it appears at first blush that the amount is unreasonably disproportionate to the proven injury and appears to have resulted from passion or prejudice on the part of the jury. See Pagliro v. Cleveland, 32 Ky. 306, 194 S.W.2d 647. While both Mr. and Mrs. Sanders should rightfully recover some damages for their pain and suffering, we believe the amounts awarded were not based upon the evidence of injuries.

■ Those of Mr. Sanders were of a minor nature and in our opinion suffering a week from two bruises does not justify an award of $500.

■ Mrs. Sanders' injuries were more serious, but they were likewise, as her doctor testified, superficial. The evidence certainly justified a more substantial award than that to which Mr. Sanders would be entitled, but the sum of $2,250 for pain and suffering strikes us at first blush as being disproportionate to the actual injuries shown. We feel the jury in effect was allowing punitive damages which were not authorized by this record. The damages were so excessive as to require a reversal of the judgments in their favor. See the Pagliro case cited above and De Buyser v. Walden, Ky., 1953, 255 S.W.2d 616.

The judgment in favor of appellee Talley is affirmed, and the judgments in favor of appellees Sanders are reversed for consistent proceedings.