**Cleve DAVIS, Appellant,**

v.

**Maggie DAVIS, Appellee.**

Court of Appeals of Kentucky.

March 25, 1960.

Ollie James Cockrell, Jackson, for appellant.

James Steven Hogg, Jackson, J. Douglas Graham, Campton, for appellee.

MONTGOMERY, Chief Justice.

Maggie Davis recovered judgment for $3,728 against Cleve Davis, her husband, for damages resulting from injuries sustained when his taxicab ran off the road. It is urged on this appeal that: (1) Appellant was guilty of contributory negligence; (2) the verdict is excessive; and (3) appellee's counsel was guilty of improper closing argument.

Appellee and appellant had been to Louisville and had returned to Jackson on the day of the accident. In Jackson, appellant, accompanied by appellee, picked up two women fares to drive them to Panbowl Branch. Appellee rode on the rear seat. While rounding a curve on State Highway 15, "the back of the car began to slide on the gravel * * * went over the lower side of the road * * * hit a post and broke the wire. * * *." The accident occurred about 9 p. m. on November 15, 1956. The weather was "kindly misting snow and sleet." The road was wet and slick. Appellee said that the car was traveling about forty-five miles per hour,

and that immediately before the accident she had complained to her husband about his driving too fast and "asked him to stop and let her out if he didn't slow up." See Ford v. McQueary, Ky., 239 S.W.2d 486; Donnell v. Pruitt, Ky., 265 S.W.2d 784; Coy v. Hoover, Ky., 272 S.W.2d 449; Richie v. Chears, Ky., 288 S.W.2d 660, on the duty to protest. Appellant did not testify, and no evidence was introduced in his behalf.

■ Appellant urges that appellee was contributorily negligent, in that she had assumed the risk of riding on a wet and slick road. As authority for this position, Geller v. Geller, 314 Ky. 291, 234 S.W.2d 974, is cited. The Geller case involved facts very similar to the present case, and the decision therein is adversely decisive of appellant's contention. Even more decisive is Roberts v. Roberts, Ky., 310 S.W.2d 55, another wife versus husband case, wherein the wife protested against his driving. The dissenting opinion of the late Sims, J., is interesting.

■ The amount of $3,728 was awarded appellee as compensation for her physical and mental suffering. It is insisted that this amount is excessive. The testimony to sustain such award was given by appellee and Dr. F. C. Lewis.

Maggie, the appellee, described her injuries thus: Her shins were "all cut up," "blood overrun my shoes," "my neck was broke," and "I thought it was broke forever." She said that her neck, spine, and head struck the side of the car. She was taken to Dr. Lewis' office the night of the accident, where the doctor's wife bandaged the cut on her leg.

Maggie was past sixty-five years of age at the time of the accident. She said that she had never been bedfast or sick before the accident but that her injuries had rendered her unable to plow or to do her home work. After the accident, she complained of continual pains and aches in her head, passing out when she bent over, and could not "hear out of one ear."

Appellee said that she was treated every other day for three or four months by Dr. Lewis; went to the Home Place Hospital three or four times where a Dr. Cameron placed a brace on her; was treated by a Dr. John Allen; and stayed two days and a night at the Lexington Clinic in September 1957. Without saying when she began to wear the brace, she said she quit wearing it about March 1, 1958. None of these people except Dr. Lewis were called as witnesses by either side, and there is no explanation of the failure to do so.

Dr. Lewis examined Maggie the morning after the accident. He described her injuries as laceration of her left leg, middle third, some swelling and discoloration of left leg, and some swelling of her left wrist. He also said that Maggie complained of pain in the front anterior left chest. He testified that he was unable to demonstrate any physical findings in the chest region. There were no bruises or bleeding there, and X-rays were negative for any fractures or broken bones. It was possible that he may have splinted the chest. He said that he treated Maggie until January 22, 1957, there being seventeen recorded office calls; that her leg was well in two or three weeks; and that she continued to complain of chest pain. Her complaint was compatible with her claimed injuries. He described Maggie as "complaining chronically." Cross-examination revealed that the doctor had treated appellee in April 1956 for an injury of the left chest but had discharged her after four days' treatment when she ceased to complain.

In considering the evidence of appellee's injuries, there is a similarity to the injuries described in Hedges v. Neace, Ky., 307 S.W.2d 564, wherein an award of $6,000 was sustained. This included $1,000 for special damages. As was said in the Hedges case, as a whole the evidence of the injury is not certain or satisfactory. The verdict here, as in the Hedges case, is generous. In the absence of any evidence offered by appellant to the contrary, the

Court's reluctance to set aside the verdict is equaled by its reluctance to uphold it. Under the circumstances, it has not been shown that the award of damages is such at first blush strikes the Court as being disproportionate to the injury suffered or that the jury allowed their sympathy, passions, prejudices, or perverse disregard of the law to mislead them. Berio v. Talley, Ky., 269 S.W.2d 185; Hedges v. Neace, Ky., 307 S.W.2d 564. The award will not be set aside.

■ Lastly, appellant complains of improper argument on the part of counsel for appellee. The statement complained of concerned the credibility of the appellee and a reference to a companion action. Existence of the latter action was brought out in testimony on the trial. The trial court admonished the jury not to consider the statement made. It is concluded that no prejudicial error was committed. Bruner v. Gordon, 309 Ky. 29, 214 S.W.2d 997.

Judgment affirmed.