**GLUCK BROTHERS, INC., Appellant,**

v.

**Leonard KREKE, Appellee.**

**GLUCK BROTHERS, INC., Appellant,**

v.

**Dolores KREKE, Appellee.**

Court of Appeals of Kentucky.

Oct. 13, 1961.

James C. Ware, Ware & Ware, Covington, for appellant.

R. Howard Smith, Newport, for appellees.

WADDILL, Commissioner.

As appellees, Leonard Kreke and his wife, were traveling through a town in Kenton County the car driven by Kreke and a truck owned by appellant, Gluck Brothers, Inc., were involved in a traffic accident. Both vehicles were traveling in the same direction on the four-lane highway. The Kreke car was occupying the northbound traffic lane which adjoins the east shoulder of the road and appellant's truck was traveling alongside the Kreke car in the other northbound traffic lane. When the driver of the truck attempted to change driving lanes without affording the Kreke car sufficient clearance the two vehicles collided. The Kreke car went off the road, over a curb and came to rest on the sidewalk. Neither of the Krekes requested nor received any immediate medical treatment.

Kreke and his wife each sued Gluck Brothers, Inc., to recover certain sums for the personal injuries they allegedly sustained in the accident, and Kreke also asked to be compensated for the damage to his car. Kreke obtained a verdict of $2,050, which included $50 for the damage to his car, and Mrs. Kreke recovered a verdict of $7,500. Gluck Brothers, Inc., has appealed from the judgment entered in favor of Mrs. Kreke and has moved for an appeal from the judgment for Kreke.

In seeking reversal of these judgments it is urged: That the sum awarded to each of the Krekes for their personal injuries is excessive and is not sustainable either in fact or in law; that the court erred in excluding certain testimony offered in behalf of appellant, and in permitting the jury to consider certain testimony over appellant's objections.

Kreke testified that approximately ten days after the accident he became extremely nervous and began experiencing some difficulty with his vision, although he continued to work regularly. He was advised by his physician that he had developed high blood pressure. Approximately one year later he consulted an eye specialist who determined that Kreke had defective vision. However, neither of his physicians would relate Kreke's high blood pressure or his eye trouble to the accident. Since there was insufficient proof that Kreke sustained any physical impairments as a result of the accident, we are reversing the judgment in his favor insofar as it awards him damages for personal injuries. In the event of an-

other trial the court will, upon objection, exclude all testimony relating to his high blood pressure and his defective vision unless there is medical testimony which specifically connects these ailments with the accident. Southern Mining Co. v. Cornelius, 284 Ky. 515, 145 S.W.2d 93; De Buyser v. Walden, Ky., 255 S.W.2d 616.

Mrs. Kreke testified that at the time of the accident she was jostled around in the car and experienced excruciating pain in her back. She further stated that she has severe back-aches and is frequently unable to attend to the rearing of her children and to perform her household chores. Her physician testified that, in light of her medical history, he was of the opinion her involvement in the accident had "reaggravated" a previous back injury which would cause her much discomfort. While the physician stated that an X-Ray examination revealed no evidence of any fracture or displacement of her spine, he was of the opinion that there was a probability she would continue to have some pain in her back. The only treatment he prescribed was pain medications, applications of heat and rest. When asked if she was "likely to have any permanent injury from this back" her physician answered "quite probably." Another physician, whose examination of Mrs. Kreke included the use of X-Rays of her spine, was of the opinion that the discomfort of which Mrs. Kreke complains would subside with adequate treatment.

While Mrs. Kreke was entitled to recover damages for her pain and suffering, the award of $7,500 strikes us at first blush as being disproportionate to the actual injuries shown. Consequently, we hold that the damages are so excessive as to require a reversal of the judgment in her favor. Turner v. Johnson, Ky., 333 S.W.2d 749; Berio v. Talley, Ky., 269 S.W.2d 185; Louisville Taxicab & Transfer Co. v. Langley, Ky., 265 S.W.2d 931.

We are affirming the judgment in favor of Kreke to the extent of $50 which was awarded for the damage to his automobile as this item is not in issue on appeal. However, the judgments are reversed to the extent of awarding Kreke $2,000 and Mrs. Kreke $7,500 as damages for their personal injuries. Since the cases are being remanded for trial on the sole issue of damages it is unnecessary to answer the other grounds for reversal.

Motion for appeal is sustained; the judgment in favor of Kreke to the extent of $50 is affirmed; both judgments are affirmed on the issue of liability and are reversed as to the damages awarded the Krekes for their personal injuries, with directions to grant a new trial in both cases.