**KENTUCKY STONE COMPANY, Inc.,**
**Appellant,**

v.

**Clark HANEY et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 20, 1970.

John T. Ballantine, Ogden, Robertson & Marshall, Louisville, G. S. Milam, Russellville, William J. Parker, Harlin, Parker, Ricketts, Lucas & English, Bowling Green, for appellant.

Joe S. Wheeler, Jr., Russellville, for appellees.

REED, Judge.

Clark Haney and his wife, the plaintiffs in the trial court and appellees here, sued the defendant-appellant, Kentucky Stone Company, for damages to their dwelling allegedly caused by Kentucky Stone's negligence in blasting while it was conducting quarry operations in the general neighborhood of the plaintiffs' home during August, 1963. A jury trial was held at which extensive testimony was heard and a verdict was returned for the plaintiffs in the amount of $3,250. The defendant appeals from the judgment entered on the sole ground of misconduct on the part of plaintiffs' attorney, who died after the trial and did not brief the case on appeal, to the extent that a mistrial should have been declared. We affirm the judgment of the circuit court.

During the course of the trial, the plaintiffs called Mrs. S. D. Gaddie as a witness in their behalf. Mrs. Gaddie was one of the plaintiffs in another action against Kentucky Stone Company and Morgan Company, which was conducting blasting operations for Kentucky Stone, for the recovery of damages to property resulting from the explosions. The trial of the Gaddie case had taken place before the trial in the instant action and had resulted in a judgment of $4,000 against Kentucky Stone and $4,000 against Morgan. That judgment was appealed to this court and was reversed principally because of error in the jury instructions. See Kentucky Stone Company v. Gaddie, Ky., 396 S.W. 2d 337.

The first question asked by counsel for the defendant on cross-examination of Mrs. Gaddie was:

"Mrs. Gaddie, you are one of the plaintiffs that had sued the Kentucky Stone Company in a case that went to the Kentucky Supreme Court and was reversed?"

After this question was asked, plaintiffs' attorney stated:

"If Your Honor please, it was reversed on a matter of law and the jury returned a verdict against them for $8,000."

There was then a hearing outside the presence of the jury at which defendant's counsel moved that the jury be discharged "because the statement was highly prejudicial and wholly untrue, since there was no verdict of $8,000 recovered against the Kentucky Stone Company." The trial judge overruled the motion to discharge the jury but he admonished the jury that whether or not the witness, Mrs. Gaddie, had sued the Kentucky Stone Company had nothing to do with the case on trial; he further stated to the jury that whether or not Mrs. Gaddie's case had been reversed had nothing to do with the suit on trial and that the statement of plaintiffs' attorney most certainly had nothing to do with the trial; his admonition concluded with: " * * * and I will tell you that there was not any judgment for $8,000, against the Kentucky Stone Company or anywhere near it." Plaintiff's attorney, speaking in undertones, then remarked: "Four thousand." The trial judge then resumed his admonition saying: "So none of that testimony or the remarks will be considered by you in reaching your verdict in this case."

The defendant cites cases, both domestic and foreign, which all hold that it is improper for counsel in the trial of an action to inject references to previous trials of the same issues by the same parties, and that references to the facts, law, evidence, findings, incidents and results of similar cases are likewise improper.

It was, of course, proper for defendant in cross-examination to show that the witness had sued Kentucky Stone Company; this could show possible bias. It was improper, however, in the course of such cross-examination to inquire into the results of the lawsuit that the witness had filed. Hence, it appears clearly that defendant's counsel injected an improper element into the trial when he made known as a part of his question that Mrs. Gaddie's

judgment had been appealed and had been reversed. The immediate response of plaintiffs' attorney was in retaliation to the injection of the improper element. The admonition by the court, although not technically perfect, clearly advised the jury not to consider the information which defendant's counsel improperly injected into the case and plaintiffs' counsel improperly emphasized by his subsequent remarks concerning the amount of the verdict. The verdict in the instant case was for $3,250, which was in the lower range of the testimony relating to damages.

The conduct of plaintiff's attorney about which complaint is made was not repeated and persistent as was true in Triplett v. Napier, Ky., 286 S.W.2d 87. We are not so far removed from the practicality of trial strategy that we are unaware of apparently casual moves by trial counsel to encourage the occurrence of error as a sort of insurance against the finality of a subsequent unfavorable result. In determining whether an incident such as the one presented here so permeated the trial with prejudice that the result should be set aside, various factors must be considered, among which are: the discretion of the trial judge to grant or deny a mistrial based upon his observation at the scene of the trial concerning the existence of possible prejudice; the determination of liability or the size of the verdict in relation to the questioned event; whether the conduct complained of was deliberate and studied or whether it was isolated or reasonably retaliatory. After weighing what we consider to be the proper determinative circumstances, we are of the opinion, in this case, that no prejudicial error resulted from the incident and that the trial judge's admonition sufficiently removed any aspect of prejudice. See Mahan v. Able, Ky., 251 S.W.2d 994; Davis v. Davis, Ky., 333 S.W.2d 753; 53 Am.Jur., Trial, section 468.

The judgment is affirmed.

All concur.